**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSE LUIS OJEDA and CRISTINO OJEDA on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN STEEL WORKS, INC., AMERICAN STEEL FABRICATORS, INC., and LORI PARKER, individually,<br><br>Defendants. | Case No. 1:13-cv-05444<br><br>Judge Harry D. Leinenweber |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants American Steel Works, Inc., American Steel Fabricators, Inc., and Lori Parker, by and through their attorneys, Seyfarth Shaw LLP, and for their Answer and Affirmative Defenses to Complaint, state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

**COMPLAINT ¶1:**

This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks. Plaintiffs' consent forms to bring this case as a collective action under the FLSA are attached hereto as Exhibit A.

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IMWL), but deny that they engaged in any wrongdoing or acted in violation of the FLSA, the IMWL, or any other law.

16203218v.2

Defendants further admit that Plaintiffs purport to bring this as a collective action on behalf of themselves and other persons, but deny that Plaintiffs are similarly situated to the collective members identified in Paragraph 1 of the Complaint, and deny that this case is a proper collective or class action. Defendants further admit that Exhibit A to the Complaint purports to be consent forms signed by Plaintiffs. Defendants deny the remaining allegations in Paragraph 1

## THE PARTIES

**COMPLAINT ¶2:**

Plaintiff Jose Luis Ojeda worked at the American Steelworks, Inc. facility, located at 1985 Anson Drive, Melrose Park, Illinois, between January 2011 and May 2013. During the time he worked at this facility, Plaintiff Jose Luis Ojeda was paid with checks written off an account for American Steel Fabricators, Inc.

**ANSWER:**

Defendants admit that Plaintiff Jose Luis Ojeda worked at 1985 Anson Drive, Melrose, Park, Illinois and was paid by American Steel Fabricators, Inc. Defendants deny the remaining allegations of Paragraph 2.

**COMPLAINT ¶3:**

Plaintiff Cristino Ojeda has worked at the American Steelworks, Inc. facility, located at 1985 Anson Drive, Melrose Park, Illinois, between February 2011 and the present. During the time he worked at this facility, Plaintiff Cristino Ojeda was paid with checks written off an account for American Steel Fabricators, Inc.

**ANSWER:**

Defendants admit that Plaintiff Cristino Ojeda worked at 1985 Anson Drive, Melrose, Park, Illinois and was paid by American Steel Fabricators, Inc. Defendants deny the remaining allegations of Paragraph 3.

**COMPLAINT ¶4:**

At all material times hereto, Plaintiffs were Defendants' "employee(s)," as that term is defined by the FLSA, 29 U.S.C.§ 203 (e)(1), and the IMWL, 820 ILCS § 105/3(d).

**ANSWER:**

Defendants deny the allegations of Paragraph 4.

**COMPLAINT ¶5:**

Plaintiffs reside in and are domiciled in this judicial district.

**ANSWER:**

Upon information and belief, Defendants admit the allegations of Paragraph 5.

**COMPLAINT ¶6:**

During the course of their employment by Defendants, Plaintiffs handled goods that moved in interstate commerce.

**ANSWER:**

Defendants admit that Plaintiffs handled goods that moved in interstate commerce, but deny that Plaintiffs were employed by Defendants at any time. Defendants deny the remaining allegations of Paragraph 6.

**COMPLAINT ¶7:**

During the course of their employment by Defendants, Plaintiffs were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §207, or the IMWL, 820 ILCS 105/4a.

**ANSWER:**

Defendants deny that Plaintiffs were employed by Defendants and therefore deny that the work performed by Plaintiffs was subject to the maximum hour provisions of the FLSA or IMWL.

**COMPLAINT ¶8:**

At all relevant times, Defendants were Plaintiffs' "employer(s)" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3(c).

**ANSWER:**

Defendants deny the allegations of Paragraph 8.

**COMPLAINT ¶9:**

Defendant American Steelworks, Inc.'s, principal place of business is located in Melrose Park, Illinois, within this judicial district.

**ANSWER:**

Defendants admit the allegations of Paragraph 9.

**COMPLAINT ¶10:**

Defendant American Steelworks, Inc., is an Illinois corporation and is an enterprise as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA, 29 U.S.C. §203(s)(1)(A).

**ANSWER:**

Defendants admit that Defendant American Steelworks, Inc. is an Illinois corporation and

an enterprise engaged in the production of goods for commerce as defined under the FLSA.

Defendants deny the remaining allegations of Paragraph 10.

**COMPLAINT ¶11:**

Defendant American Steel Fabricators, Inc.'s, principal place of business is located in Schiller Park, Illinois, within this judicial district.

**ANSWER:**

Defendants admit the allegations of Paragraph 11.

**COMPLAINT ¶12:**

Defendant American Steel Fabricators, Inc., is an Illinois corporation and is an enterprise as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA, 29 U.S.C. §203(s)(1)(A).

**ANSWER:**

Defendants admit that American Steel Fabricators, Inc., Inc. is an Illinois corporation and

an enterprise engaged in the production of goods for commerce as defined under the FLSA.

Defendants deny the remaining allegations of Paragraph 12.

**COMPLAINT ¶13:**

Defendant Lori Parker is involved in the day to day business operations of American Steelworks, Inc. Among other things, Defendant Lori Parker has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the corporation's checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

**ANSWER:**

Defendants admit that Lori Parker has the authority at American Steelworks, Inc. to hire and fire employees, to direct and supervise the work of the employees, sign on the corporation's checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Answering further, Defendants deny that Plaintiffs were employed by American Steelworks, Inc. or Lori Parker. Defendants deny the remaining allegations of Paragraph 13.

**COMPLAINT ¶14:**

Defendant Lori Parker is Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c).

**ANSWER:**

Defendants deny the allegations of Paragraph 14.

**COMPLAINT ¶15:**

Defendant Lori Parker resides in this judicial district.

**ANSWER:**

Defendants admit the allegations of Paragraph 15.

**JURISDICTION AND VENUE**

**COMPLAINT ¶16:**

This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Defendants admit that this Court has jurisdiction over Plaintiffs' FLSA claims and supplemental jurisdiction over Plaintiffs' state law claims and that venue is proper in the Northern District of Illinois, but deny that they engaged in any wrongdoing or acted in violation of the FLSA, the IMWL, or any other law. Defendants deny the remaining allegations of Paragraph 16.

**COUNT I**
**Violation of the Fair Labor Standards Act — Overtime Wages**
**(Plaintiffs on their own behalf and on behalf of similarly situated employees)**

**COMPLAINT ¶17:**

This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., in failing to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**

Defendants admit that Plaintiffs purport to bring this action pursuant to the FLSA, but deny that they engaged in any wrongdoing or acted in violation of the FLSA or any other law. Defendants further admit that Plaintiffs purport to bring this as a collective action, but deny that this case is a proper collective action. Defendants deny the remaining allegations of Paragraph 17.

**COMPLAINT ¶18:**

During the course of their employment by Defendants, Plaintiffs were employed by Defendants and were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:**

Defendants deny the allegations of Paragraph 18.

**COMPLAINT ¶19:**

Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

6

**ANSWER:**

Defendants deny the allegations of Paragraph 19.

**COMPLAINT ¶20:**

Pursuant to 29 U.S.C. § 207, Plaintiffs and similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

**ANSWER:**

The allegations in Paragraph 20 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent they are construed as factual averments, Defendants deny that Plaintiffs were employees of Defendants. As such, they were not entitled to overtime pay for time worked in excess of forty (40) hours in individual workweeks pursuant to the FLSA. Answering further, Defendants deny that Plaintiffs are similarly situated to any of the employees described in Paragraph 20.

**COMPLAINT ¶21:**

Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

**ANSWER:**

Defendants deny the allegations in Paragraph 21. Answering further, Plaintiffs worked as independent contractors who were not entitled to be compensated at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

**COMPLAINT ¶22:**

Other non-exempt employees employed by Defendants were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

**ANSWER:**

Defendants deny the allegations of Paragraph 22.

16203218v.2

**COMPLAINT ¶23:**

Defendants did not compensate other non-exempt employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

**ANSWER:**

Defendants deny the allegations of Paragraph 23.

**COMPLAINT ¶24:**

Defendants' failure to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:**

Defendants deny the allegations of Paragraph 24.

**COMPLAINT ¶25:**

Defendants willfully violated the Fair Labor Standards Act by failing to pay Plaintiffs and similarly situated employees overtime wages for all time worked in excess of forty (40) hours per week.

**ANSWER:**

Defendants deny the allegations of Paragraph 25.

### COUNT II
### Violation of the Illinois Minimum Wage Law — Overtime Wages
### (Plaintiffs Individually Only)

**COMPLAINT ¶26:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

**ANSWER:**

Defendants admit that this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, but deny that they engaged in any wrongdoing whatsoever.

**COMPLAINT ¶27:**

The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

**ANSWER:**

Defendants admit that Plaintiffs purport to bring this action pursuant to the IMWL, but deny that they engaged in any wrongdoing or acted in violation of the IMWL or any other law. Defendants deny the remaining allegations of Paragraph 27.

**COMPLAINT ¶28:**

Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual workweeks.

**ANSWER:**

The allegations in Paragraph 28 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent they are construed as factual averments, Defendants deny that Plaintiffs were employees of Defendants. As such, they were not entitled to overtime pay for hours worked in excess of forty (40) hours in individual workweeks pursuant to the IMWL. Defendants deny the remaining allegations of Paragraph 28.

**COMPLAINT ¶29:**

Defendants violated the IMWL by failing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**

Defendants deny the allegations of Paragraph 29.

**COMPLAINT ¶30:**

Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

9

**ANSWER:**

The allegations in Paragraph 30 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent they are construed as factual averments, Defendants deny the allegations of Paragraph 30.

All allegations of the Complaint not otherwise answered above are denied.

### AFFIRMATIVE DEFENSES

1. Defendants acted in good faith and had reasonable grounds for believing that they acted properly in their pay practices and were in good faith compliance with the substantive statutes cited in the Complaint with respect to Plaintiffs and/or potential collective members.

2. Plaintiffs' claims and those of potential collective members are barred, in whole or in part, by applicable statutes of limitations.

3. Plaintiffs' claims and those of potential collective members are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA and IMWL.

4. Plaintiffs' claims against Defendants fail to state a claim upon which relief can be granted because Defendants were not Plaintiffs' employer under the FLSA or IMWL.

Defendants reserve the right to assert such additional affirmative defenses that may appear and prove applicable during the course of the litigation.

WHEREFORE, Defendants American Steel Works, Inc., American Steel Fabricators, Inc., and Lori Parker, respectfully request that the Court deny the relief sought by Plaintiffs' Complaint, dismiss this action with prejudice and/or enter judgment on Defendants' behalf, and award Defendants such other relief as the Court deems just and proper.

**DATED: September 30, 2013**          Respectfully submitted,

                                        AMERICAN STEEL WORKS, INC.,
                                        AMERICAN STEEL FABRICATORS, INC.,
                                        and LORI PARKER


                                        By      /s/ Abad Lopez
                                             One of Their Attorneys

Noah A. Finkel
Arthur J. Rooney
Abad Lopez
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois  60603
(312) 460-5000

16203218v.2

## **CERTIFICATE OF SERVICE**

I, Abad Lopez, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint will be served upon Plaintiffs' counsel of record through the Court's ECF system on September 30, 2013.

      /s/ Abad Lopez
      Abad Lopez